IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEREMY D. MULDER,

      Plaintiff,

vs.                                                      Case No. 2:18-cv-00029-LPL

WELLS FARGO BANK, N.A.,                    **JURY TRIAL DEMANDED**
d/b/a WELLS FARGO HOME
MORTGAGE,

      Defendant.

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, Jeremy D. Mulder, pro se, against Defendant, Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, and files this Second Amended Complaint of which the following is a statement:

## PRELIMINARY STATEMENT

1.    Plaintiff seeks relief pursuant to the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S.A. § 5701, *et seq.* (hereinafter "Wiretap Act"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA"), and the Pennsylvania common law of Invasion of Privacy by Intrusion Upon Seclusion.

## PARTIES

2.    Plaintiff, Jeremy D. Mulder, is an adult individual residing at 402 Commodore Drive, Mc Donald, Pennsylvania 15057.

3.     Defendant, Wells Fargo Bank, N.A., is a banking and financial services company headquartered at 420 Montgomery Street, San Francisco, California 94104.  Defendant does business as Wells Fargo Home Mortgage.

## VENUE

4.     Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; Plaintiff is a resident of Allegheny County, Pennsylvania, which falls within the Western District of Pennsylvania.

## JURISDICTION

5.     This Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331 because "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States" and the TCPA is a federal law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims under the Wiretap Act and for the tort of Invasion of Privacy by Intrusion Upon Seclusion.  Additional jurisdiction is conferred pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## STATEMENT OF FACTS

6.      On October 5, 2017 at 9:02 AM, Defendant, by and through their agent, employee or representative placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

7.      Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic and/or oral communication with Plaintiff, by way of audio recording.

8.      On October 5, 2017 at 1:47 PM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

9.      Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication.

10.      On October 5, 2017 at 5:53 PM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

11.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

12.     On October 6, 2017 at 9:23 AM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

13.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

14.     On October 6, 2017 at 10:26 AM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

15.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

16.     On October 6, 2017 at 6:49 PM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

17.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

18.     On October 7, 2017 at 9:21 AM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

19.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

20.     On October 7, 2017 at 10:35 AM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.


21.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.


22.     On October 8, 2017 at 9:12 AM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.


23.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.


24.     On October 9, 2017 at 7:38 PM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

25.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

26.     On October 13, 2017 at 10:05 AM, Defendant, by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

27.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

28.     On October 17, 2017 at 9:09 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

29.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

30.     On November 28, 2017 at 9:15 AM, Defendant, by and through their agent, employee or representative again placed a telephone call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

31.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

32.     On November 28, 2017 at 8:09 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

33.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

34.     On November 29, 2017 at 9:04 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

35.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

36.     On November 29, 2017 at 2:27 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

37.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

38.     On November 30, 2017 at 9:02 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

39.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

40.     On November 30, 2017 at 1:59 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

41.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

42.     On December 1, 2017 at 12:10 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

43.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact, intercept said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

44.     On December 1, 2017 at 4:49 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

45.    Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

46.    On December 2, 2017 at 9:08 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

47.    Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

48.    On December 3, 2017 at 9:34 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

49.    Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or

endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

50.    On December 3, 2017 at 2:29 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

51.    Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

52.    On December 4, 2017 at 8:17 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

53.    Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

54.     On December 5, 2017 at 9:05 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

55.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

56.     On December 5, 2017 at 12:37 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

57.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

58.     On December 5, 2017 at 8:09 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

59.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

60.     On December 6, 2017 at 9:03 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

61.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

62.     On December 6, 2017 at 11:22 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

63.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or

endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

64.   On December 6, 2017 at 3:37 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

65.   Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

66.   On December 6, 2017 at 7:19 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

67.   Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing

or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

68.     On December 7, 2017 at 9:03 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

69.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

70.     On December 15, 2017 at 9:00 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

71.     Defendant endeavored to intercept, or procured other persons to intercept, and did in fact intercept, said wire, electronic or oral communication, by way of audio recording, and intentionally disclosed or endeavored to disclose to other persons and used or endeavored to use the contents of said wire, electronic or oral communication, knowing

or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication, against Plaintiff's will.

72.     On December 15, 2017 at 11:53 AM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

73.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

74.     On December 15, 2017 at 3:15 PM, Defendant by and through their agent, employee or representative again placed a call to Plaintiff's cellular telephone at (412) 628-6461 from the number (844) 213-7850 using an automated telephone dialing system.

75.     Defendant endeavored to intercept, or procured other persons to intercept said wire, electronic or oral communication with Plaintiff, by way of audio recording, against Plaintiff's will.

76.     Defendant placed its calls to Plaintiff's cellular telephone by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

77.     Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when an agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings:  *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002*);  In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003);   *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (January 4, 2008).

78.     In most if not all of the telephone calls, Plaintiff noticed a brief pause after he answered the call and before Defendant's agent, employee or representative would begin speaking.

79.     Plaintiff sometimes said the word "hello" more than once before Defendant's agent, employee or representative would begin speaking.

80.    A pause at the beginning of a call is characteristic of an automatic telephone dialing system where the dialer connects the call to a consumer and then connects an agent, employee or representative to the call.

81.    Defendant placed its calls to Plaintiff's cellular telephone number using an electronic, mechanical or other device, that can be used to intercept a wire, electronic or oral communication.

82.    Defendant placed its calls to Plaintiff's cellular telephone for non-emergency purposes.

83.    Defendant placed its calls to Plaintiff's cellular telephone number in an effort to contact a third party.

84.    Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

85.    Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

86.    Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

87.     Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

88.     Defendant had knowledge that it was using an electronic, mechanical or other device to intercept and record the calls which Defendant placed to Plaintiff's cellular telephone number.

89.     Defendant intended to use an electronic, mechanical or other device to intercept and record its calls to Plaintiff's cellular telephone number.

90.     Defendant, through its agents, employees or representatives, advised Plaintiff during each answered call that his conversation was being monitored and recorded.

91.     Plaintiff is not, nor was, one of Defendant's customers.

92.     Plaintiff does not, nor did, have a business relationship with Defendant.

93.     Plaintiff did not provide Defendant with his cellular telephone number.

94.     Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

95.     Plaintiff did not give Defendant prior express consent to intercept and record the calls which Defendant placed to his cellular telephone number.

96.     To the extent Defendant believed it had consent to place calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system, such consent was verbally revoked by Plaintiff on October 5, 2017.

97.     To the extent Defendant believed it had consent to intercept and record the calls it placed to Plaintiff's cellular telephone number, such consent was verbally revoked by Plaintiff on October 5, 2017.

98.     Plaintiff verbally objected to Defendant's interception and recording of the calls which Defendant placed to his cellular telephone number and instructed Defendant to stop calling and to stop recording him during each answered call.

99.     Despite Plaintiff's verbal objections and directives to stop, Defendant continued placing unsolicited and unwanted calls to Plaintiff's cellular telephone and Defendant continued intercepting and recording such calls against Plaintiff's will.

100.    Plaintiff enjoys a reasonable expectation of and a statutory right of privacy with regard to his personal cellular telephone communications, which includes such communications initiated by Defendant.

101.    Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

102.    Defendant maintains audio recordings of all calls that it placed to Plaintiff's cellular telephone number.

103.    Defendant, as a matter of pattern and practice, uses an automated telephone dialing system to place calls to telephone numbers assigned to cellular telephone service providers and/or other sophisticated software or electronic equipment which is designed to and does intercept and record the called consumers' wire, electronic and/or oral communications.

**COUNT ONE**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

104.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

105.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 5, 2017 at 9:02 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication.

106.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 5, 2017 at 1:47 PM violates 18 Pa. C.S.A. § 5703(1) because

Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication.

107.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 5, 2017 at 1:47 PM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication.

108.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 5, 2017 at 1:47 PM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication.

109.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 5, 2017 at 5:53 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

110.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

111.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

112.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT TWO
## VIOLATIONS OF THE PENNSYLVANIA WIRETAP
## AND ELECTRONIC SURVEILLANCE CONTROL ACT

113.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

114.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 6, 2017 at 9:23 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

115.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 6, 2017 at 10:26 AM violates 18 Pa. C.S.A. § 5703(1) because

Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

116.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 6, 2017 at 10:26 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

117.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 6, 2017 at 10:26 PM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

118.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 6, 2017 at 6:49 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another

person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

119.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 6, 2017 at 6:49 PM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

120.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 6, 2017 at 6:49 PM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

121.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

122.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

123.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT THREE
## VIOLATIONS OF THE PENNSYLVANIA WIRETAP
## AND ELECTRONIC SURVEILLANCE CONTROL ACT

124.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

125.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 7, 2017 at 9:21 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent against Plaintiff's will.

126.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 7, 2017 at 9:21 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the

interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

127. Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 7, 2017 at 9:21 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

128. Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 7, 2017 at 10:35 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

129. Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

130. Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

131.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT FOUR
## VIOLATIONS OF THE PENNSYLVANIA WIRETAP
## AND ELECTRONIC SURVEILLANCE CONTROL ACT

132.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

133.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 8, 2017 at 9:12 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

134.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 8, 2017 at 9:12 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

135.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 8, 2017 at 9:12 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

136.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

137.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

138.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT FIVE**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

139.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

140.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 9, 2017 at 7:38 PM violates 18 Pa. C.S.A. § 5703(1) because

Defendant endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

141.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

142.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

143.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT SIX
## VIOLATIONS OF THE PENNSYLVANIA WIRETAP
## AND ELECTRONIC SURVEILLANCE CONTROL ACT

144.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

145.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 13, 2017 at 10:05 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant endeavored to intercept, or procured another person to intercept or endeavor

to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

146.    Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

147.    Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

148.    Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT SEVEN
## VIOLATIONS OF THE PENNSYLVANIA WIRETAP
## AND ELECTRONIC SURVEILLANCE CONTROL ACT

149.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

150.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 17, 2017 at 9:09 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

151.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 17, 2017 at 9:09 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

152.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on October 17, 2017 at 9:09 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

153.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

154.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

155.    Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.


**COUNT EIGHT**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

156.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.


157.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on November 28, 2017 at 9:15 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.


158.    Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.


159.    Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.


160.    Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT NINE**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

161.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

162.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on November 29, 2017 at 9:04 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

163.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on November 29, 2017 at 2:27 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

164.    Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

165.    Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

166.    Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT TEN
## VIOLATIONS OF THE PENNSYLVANIA WIRETAP
## AND ELECTRONIC SURVEILLANCE CONTROL ACT

167.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

168.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on November 30, 2017 at 9:02 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

169.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on November 30, 2017 at 9:02 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the

interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

170. Defendant's conduct with respect to its telephone communication with Plaintiff as stated on November 30, 2017 at 9:02 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

171. Defendant's conduct with respect to its telephone communication with Plaintiff as stated on November 30, 2017 at 1:59 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

172. Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

173. Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

174.    Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT ELEVEN
## VIOLATIONS OF THE PENNSYLVANIA WIRETAP
## AND ELECTRONIC SURVEILLANCE CONTROL ACT

175.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

176.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 1, 2017 at 12:10 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

177.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 1, 2017 at 12:10 PM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

178.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 1, 2017 at 12:10 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

179.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 1, 2017 at 4:49 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

180.    Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

181.    Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

182.    Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT TWELVE**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

183.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

184.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 2, 2017 at 9:08 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

185.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 2, 2017 at 9:08 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

186.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 2, 2017 at 9:08 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information

was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

187.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

188.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

189.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

### COUNT THIRTEEN
### VIOLATIONS OF THE PENNSYLVANIA WIRETAP
### AND ELECTRONIC SURVEILLANCE CONTROL ACT

190.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

191.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 3, 2017 at 9:34 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

192.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 3, 2017 at 9:34 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

193.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 3, 2017 at 9:34 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

194.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 3, 2017 at 2:29 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

195.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 3, 2017 at 2:29 PM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

196.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 3, 2017 at 2:29 PM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

197.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

198.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

199.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.


## COUNT FOURTEEN
## VIOLATIONS OF THE PENNSYLVANIA WIRETAP
## AND ELECTRONIC SURVEILLANCE CONTROL ACT

200.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.


201.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 4, 2017 at 8:17 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.


202.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.


203.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.


204.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT FIFTEEN**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

205.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

206.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 5, 2017 at 9:05 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

207.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 5, 2017 at 9:05 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

208.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 5, 2017 at 9:05 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire,

electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

209.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 5, 2017 at 12:37 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

210.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 5, 2017 at 12:37 PM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

211.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 5, 2017 at 12:37 PM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information

was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

212.  Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

213.  Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

214.  Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT SIXTEEN**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

215.  Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

216.  Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 9:03 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

217.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 11:22 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

218.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 11:22 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

219.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 11:22 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

220.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 3:37 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

221.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 3:37 PM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

222.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 3:37 PM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

223.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 7:19 PM violates 18 Pa. C.S.A. § 5703(1) because

Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

224.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 7:19 PM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

225.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 6, 2017 at 7:19 PM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

226.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

227.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

228.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT SEVENTEEN**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

229.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

230.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 7, 2017 at 9:03 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

231.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 7, 2017 at 9:03 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the

interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

232.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 7, 2017 at 9:03 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

233.    Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

234.    Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

235.    Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT EIGHTEEN**
**VIOLATIONS OF THE PENNSYLVANIA WIRETAP**
**AND ELECTRONIC SURVEILLANCE CONTROL ACT**

236.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

237.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 15, 2017 at 9:00 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

238.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 15, 2017 at 9:00 AM violates 18 Pa. C.S.A. § 5703(2) because Defendant intentionally disclosed or endeavored to disclose to other persons the contents of Plaintiff's wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

239.    Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 15, 2017 at 9:00 AM violates 18 Pa. C.S.A. § 5703(3) because Defendant intentionally used or endeavored to use the contents of Plaintiff's wire, electronic or oral communication, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication without Plaintiff's express consent and against Plaintiff's will.

240.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 15, 2017 at 11:53 AM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

241.   Defendant's conduct with respect to its telephone communication with Plaintiff as stated on December 15, 2017 at 3:53 PM violates 18 Pa. C.S.A. § 5703(1) because Defendant intentionally intercepted, and endeavored to intercept, or procured another person to intercept or endeavor to intercept Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

242.   Plaintiff suffered injuries, including but not limited to, nuisance, invasion of privacy, and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

243.   Pursuant to 18 Pa. C.S.A. § 5725(a)(1), Plaintiff is entitled to an award against Defendant of statutory damages of one thousand ($1,000.00) dollars for each day of violation.

244.   Pursuant to 18 Pa. C.S.A. § 5725(a)(3), Plaintiff is entitled to an award against Defendant of reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT NINETEEN**
**LIABILITY FOR PUNITIVE DAMAGES**
**UNDER THE PENNSYLVANIA WIRETAP AND**
**ELECTRONIC SURVEILLANCE CONTROL ACT**

245.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

246.    The acts and omissions of Defendant with respect to calling Plaintiff by telephone and intercepting or endeavoring to intercept Plaintiff's wire, electronic and/or oral communications without his consent and against his will on thirty-five (35) distinct occasions were outrageous and/or undertaken with reckless indifference to the rights and interests of Plaintiff and in conscious disregard for Pennsylvania law.

247.    Plaintiff is entitled to the maximum award of punitive damages allowed by law pursuant to 18 Pa. C.S.A. § 5725(a)(2).

**COUNT TWENTY**
**VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**

248.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

249.    Defendant used an automated telephone dialing system to call Plaintiff's cellular telephone thirty-five (35) times between October 5, 2017 and December 15, 2017.

250.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent, thirty-five (35) distinct times.

251.    Plaintiff suffered injuries, including but not limited to, invasion of privacy and intrusion upon his solitude, as a direct and proximate result of Defendant's conduct.

252.    Defendant's calls deprived Plaintiff the utility of his cellular telephone by occupying his cellular telephone with unwanted calls, causing a nuisance, and lost time.

253.    Defendant's unwanted calls depleted Plaintiff's cellular telephone battery requiring Plaintiff to pay for electricity to recharge his phone.

254.    Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to receive $500.00 in damages for each such violation, for a total of seventeen thousand five hundred ($17,500.00) dollars.

255.    Pursuant to 47 U.S.C. § 227(b)(3)(C), Plaintiff is entitled to receive treble damages for each such violation because the Defendant's violations were willful and knowing, for a total of thirty-five thousand ($35,000.00) dollars.

256.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff is entitled to injunctive relief enjoining Defendant from continuing its unlawful behavior.

## COUNT TWENTY-ONE
## INVASION OF PRIVACY BY
## "INSTRUSION UPON SECLUSION"

257.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

258.    Plaintiff had a reasonable expectation of seclusion or solitude.

259.    Defendant intentionally and wrongfully intruded upon the seclusion or solitude of Plaintiff when it placed thirty-five calls to Plaintiff's personal cellular telephone between October 5, 2017 and December 15, 2017 using an automated telephone dialing system without Plaintiff's consent and against Plaintiff's will.

260.    Defendant intentionally and wrongfully intruded upon the seclusion or solitude of Plaintiff when it placed thirty-five calls to Plaintiff's personal cellular telephone between October 5, 2017 and December 15, 2017 and intercepted and recorded or endeavored to intercept and record Plaintiff's wire, electronic or oral communication without Plaintiff's consent and against Plaintiff's will.

261.    Defendant's telephone calls were repeated with such persistence and frequency as to amount to a course of hounding Plaintiff and Defendant's hounding became a substantial burden to Plaintiff's existence.

262.   Defendant's continuous unlawful conduct interfered with Plaintiff's reasonable expectation of seclusion and solitude.

263.   Defendant's continuous unlawful conduct would be highly offensive to any reasonable person.

264.   Plaintiff suffered injuries, including but not limited to, anxiety and distress, as a direct and proximate result of Defendant's intrusive conduct.

265.   Defendant is liable to Plaintiff for actual damages and punitive damages for depriving Plaintiff of his seclusion and solitude.

WHEREFORE, Plaintiff respectfully prays for relief and judgment, as follows:

(a)   Adjudging and declaring that Defendant repeatedly violated the Pennsylvania Wiretap and Electronic Surveillance Control Act, 18 Pa. C.S.A. § 5701, *et seq.*;

(b)   Awarding Plaintiff statutory damages in the amount of eighteen thousand ($18,000.00) dollars pursuant to 18 Pa. C.S.A. § 5725(a)(1);

(c)   Awarding Plaintiff punitive damages pursuant to 18 Pa. C.S.A. § 5725(a)(2) in an amount sufficient to deter future violations;

(d)   Awarding Plaintiff reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 18 Pa. C.S.A. § 5725(a)(3);

(e)     Adjudging and declaring that Defendant repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § *227 et seq.*;

(f)     Entering a permanent injunction enjoining Defendant from continuing its unlawful behavior pursuant to 47 U.S.C. § 227(b)(3)(A);

(g)     Awarding Plaintiff damages under 47 U.S.C. § 227(b)(3)(B) in the amount of seventeen thousand five hundred ($17,500.00) dollars;

(h)     Awarding Plaintiff treble damages under 47 U.S.C. § 227(b)(3)(C) in the amount of thirty-five thousand ($35,000.00) dollars;

(i)     Adjudging and declaring that Defendant committed an unlawful intrusion upon Plaintiff's common law seclusion and privacy rights;

(j)     Awarding Plaintiff actual damages for Defendant's intrusion upon Plaintiff's common law seclusion and privacy rights, in an amount to be determined at trial;

(k)     Awarding Plaintiff punitive damages for Defendant's intrusion upon Plaintiff's common law seclusion and privacy rights, in an amount sufficient to deter future violations;

(l)     Such other and further relief as this Honorable Court deems fit and proper.


Respectfully submitted:

s/ Jeremy D. Mulder