**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEREMY D. MULDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:18-cv-00029-CB-LPL |
| | ) | |
| WELLS FARGO BANK, N.A., doing | ) | Assigned to: Hon. Cathy Bissoom |
| business as WELLS FARGO HOME | ) | Magistrate Judge: Hon. Lisa Pupo Lenihan |
| MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## WELLS FARGO'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage ("Wells Fargo"), through its attorneys, hereby moves this Court, pursuant to Federal Rule of Civil Procedure, Rule 15(a), for an order striking Plaintiff Jeremy Mulder's ("Plaintiff") Third Amended Complaint.

Although required by Rule 15(a), Plaintiff did not seek either Wells Fargo's written consent or the court's leave to file the Third Amended Complaint. As such, Wells Fargo respectfully requests that the Third Amended Complaint be stricken in its entirety pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Additionally, while Plaintiff did finally file for leave to amend the complaint, after already having filed the Third Amended Complaint, Wells Fargo is informed and believes that as of the filing of this Motion, Plaintiff has engaged counsel in this matter and will be withdrawing his Motion for Leave of Court to File Third Amended Complaint. Docs. 38, and 39.

/ / /

/ / /

/ / /

1

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, on such other further evidence and argument, written and oral, as may be presented to the Court at or prior to the hearing on the Motion.

Dated this 30th day of November, 2018.

By:     */s/ Joshua Anderson*
        Eric J. Troutman*
        Joshua Anderson*
        WOMBLE BOND DICKINSON (US) LLP
        3200 Park Center Drive, Suite 700
        Costa Mesa, California 92626
        Tel.: 714.557.3800
        Eric.troutman@wbd-us.com
        Joshua.anderson@wbd-us.com
        *Admitted Pro hac vice*

        Martin C. Bryce, Jr.
        Ballard Spahr LLP
        1735 Market Street, 51st Floor
        Philadelphia, PA 19103-7599
        Tel.: 215.864.8238
        Bryce@ballardspahr.com

        *Attorneys for Defendant*
        *Wells Fargo Bank, N.A. d/b/a Wells Fargo*
        *Home Mortgage*

<u>**MEMORANDUM IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S**</u>
<u>**MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT**</u>

Defendant Wells Fargo Bank, N.A., doing business as Wells Fargo Home Mortgage ("Wells Fargo"), submits this memorandum in support of its Motion to Strike Plaintiff Jeremy Mulder's ("Plaintiff") Third Amended Complaint (Doc. 37) pursuant to Federal Rule of Civil Procedure 15(a).

## I.      <u>INTRODUCTION</u>

Plaintiff filed the Third Amended Complaint without leave of court, and without receiving consent from Wells Fargo, as is required by Federal Rules of Civil Procedure, Rule 15(a).  Absolutely no notice was given to Wells Fargo before the Third Amended Complaint was improperly filed, and in fact Plaintiff failed to even request the required consent to file his Third Amended Complaint without leave of court.  Had Plaintiff requested consent, Wells Fargo would not have consented to the filing.

As such, the Third Amended Complaint is the very definition of immaterial, and impertinent, and is appropriately struck under Federal Rule of Civil Procedure Rule 12(f).

The Third Amended Complaint should be stricken.

## II.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff initiated this lawsuit by filing his original Complaint in the Allegheny County Court of Common Pleas on December 11, 2017 ("State Court Action").  The State Court Action was served on December 18, 2017.  Plaintiff's action was thereafter removed to the Unites States District Court for the Western District of Pennsylvania on or around January 5, 2018.  Doc. 1. Before Wells Fargo filed its responsive pleading, Plaintiff filed his First Amended Complaint on January 8, 2018.  Doc. 3.

On January 16, 2018, only eight (8) days after filing the First Amended Complaint, Plaintiff filed a Second Amended Complaint.  Doc. 7.  Plaintiff failed to obtain leave of court or consent of all parties prior to filing his Second Amended Complaint as required by Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15").

Wells Fargo filed a Motion to Dismiss on January 30, 2018, which was subsequently denied by the Court on August 2, 201.  Doc. 24.  Thereafter, Wells Fargo filed its Answer to Plaintiff's Second Amended Complaint on August 21, 2018.  Doc. 27.

On October 9, 2018, the Court filed the Initial Scheduling Order, which states that amendments to pleadings will be completed by December 19, 2018.  Doc. 35.  The Initial Scheduling Order contains no language abridging the requirements of Rule 15.  Subsequently Plaintiff filed yet another amended complaint on November 8, 2018—again, without leave of Court or obtaining Wells Fargo's written consent.  Doc. 37.

On November 16, 2018, after already having filed the Third Amended Complaint, Plaintiff filed a Motion for Leave of Court to File Third Amended Complaint ("Motion for Leave").  Docs. 38 and 39.  On November 28, 2018, Wells Fargo was informed that Plaintiff had engaged counsel to represent him in this matter.  On November 29, 2018, that counsel represented to Wells Fargo that the Motion for Leave will be withdrawn.

III.   **ARGUMENT**

    A.   **The Court May Strike an Amended Pleading In Its Entirety that was Filed in Violation of Rule 15.**

The Court is empowered to strike a pleading in its entirety when filed in violation of Rule 15.  *Nicholson v. City of Westlake*, 20 Fed. App'x 400, 402 (6th Cir. 2001)(Finding the district court did not abuse its discretion when it struck an amended complaint that was filed in violation of subdivision (a) of Rule 15); *Prakash v. Atladis U.S.A., Inc.*, 2010 WL 2653419 at *2 (N.D.

Oh. July 2, 2010); *Readmond v. Matsushita Elec. Corp. of America*, 355 F.Supp. 1073, 1080 (E.D. Penn. 1972)(such a pleading is subject to motion to strike under Rule 12(f) of the Federal Rues of Civil Procedure).  In fact, "if an amendment that cannot be made as of right is served without obtaining the Court's leave or the opposing party's consent, it is without legal effect[.]" *Straub v. Desa Industries, Inc.*, 88 F.R.D. 6, 8 (M.D. Pa. 1980).  Such a pleading is therefore the very definition of redundant, immaterial, and impertinent, and is appropriately struck under Federal Rule of Civil Procedure Rule 12(f).  Fed. R. Civ. P. Rule 12(f).

Subsection (a) of Rule 15 provides three mechanisms for filing an amended complaint before trial: (1) amendment as a matter of course, (2) amendment with consent of all parties; and (3) amendment with leave of court.  Fed. R. Civ. P. 15(a).  The first method (amendment as a matter of course) allows a plaintiff to amend its complaint *once* simply by filing the amended complaint (a) within 21 days after service of the complaint; or (b) within 21 days after service of a responsive pleading to the complaint.  Fed. R. Civ. P. 15(a)(1).  If the timing of the proposed amendment falls outside of this limited 21-day window, then a plaintiff is not allowed simply to file an amended complaint without taking further action as described in subsection (2) of the Federal Rule of Civil Procedure 15(a).  *See, e.g., Henok v. Kessler*, 78 F.Supp.3d 452 (D.D.C. 2015); *Konigsberg v. Shute*, 435 F.2d 551, 552 (3rd Cir. 1970).

**B.**  **Plaintiff Failed To Obtain Wells Fargo's Consent Or Leave Of Court Prior To Filing His Third Amended Complaint As Required By Federal Rule 15(a)(2).**

In this case, Plaintiff served his original complaint on Wells Fargo on December 18, 2017.  Thus, according to subsection (1) of the Federal Rule of Civil Procedure 15(a), Plaintiff was allowed to amend his complaint as a matter of course for 21 days after service of that complaint—by January 8, 2018.  Fed. R. Civ. P. 15(a)(1)  Plaintiff did in fact file his First

Amended Complaint on January 8, 2018 (Doc. 3).  As a result, amendment as a matter of course was no longer available to Plaintiff under subsection (a)(1) of Rule 15.  *Id*., at subsection (a)(2).

Because subsection (a)(1) of Rule 15 of the Federal Rule of Civil Procedure does not apply here, Plaintiff is required to comply with subsection (a)(2) which, by its very terms, applies "[i]n all other cases."  Fed. R. Civ. P. 15(a)(2).  Pursuant to that subsection, Plaintiff was required to obtain "written consent" from Wells Fargo or leave of court prior to filing the Third Amended Complaint, regardless of the deadline to amend the pleadings.  *Ibid*.  Plaintiff has done neither.

Plaintiff failed to obtain or even request the required consent to file his Third Amended Complaint without leave of court.  Had Plaintiff requested consent, Wells Fargo would not have consented to the filing.

Plaintiff did eventually file a Motion for Leave of Court to file the Third Amended Complaint, <u>after</u> already having filed that amended complaint, in which he admits he did not obtain Wells Fargo's consent or leave of court before filing the Third Amended Complaint.  Docs. 38 and 39; Doc. 39, p. 2.  Wells Fargo opposes that motion.  However, Wells Fargo was informed on November 28, 2018 that Plaintiff had engaged counsel to represent him in this matter, and that counsel subsequently represented to Wells Fargo on November 29, 2018 that the Motion for Leave will be withdrawn.  Wells Fargo intended to file an Opposition to the Motion for Leave but, relying on the representation by Plaintiff's new counsel, will now not do so.  Wells Fargo is filing a Notice shortly after this Motion is filed alerting the Court that Wells Fargo is not filing an Opposition for that reason.

/ / /

/ / /

**IV.** **CONCLUSION**

For the reasons set forth herein, Wells Fargo respectfully requests that this Court grant its

motion and strike Plaintiff's Third Amended Complaint (Doc. 37).

Respectfully submitted this 30th day of November, 2018.

By:     /s/ Joshua Anderson
Eric J. Troutman*
Joshua Anderson*
WOMBLE BOND DICKINSON (US) LLP
3200 Park Center Drive, Suite 700
Costa Mesa, California 92626
Tel.: 714.557.3800
Eric.troutman@wbd-us.com
Joshua.anderson@wbd-us.com
* Admitted Pro hac vice

Martin C. Bryce, Jr.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel.: 215.864.8238
Bryce@ballardspahr.com

Attorneys for Defendant
Wells Fargo Bank, N.A. d/b/a Wells Fargo
Home Mortgage

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2018, the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANT WELLS FARGO BANK, N.A. TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system which constituted service upon all parties of record, including the following:

Jeremy D. Mulder
402 Commodore Drive
McDonald, PA  15057
Telephone:  (412) 628-6461
Email:  jmulderpgh@gmail.com

*Plaintiff*

*/s/ Joshua Anderson*
Joshua Anderson

8